UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

LATRELL LOWE,

Plaintiff,

- against -

THE CITY OF NEW YORK,
NYC AUTO RECYCLING, INC., and
VINCENT SPIRITO,

Defendant.
----------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, LATRELL LOWE, by his attorneys, brings this Complaint against defendant THE CITY OF NEW YORK ("the City"), NYC AUTO RECYCLING, INC. ("NYC Auto"), and VINCENT SPIRITO ("Spirito") collectively hereinafter "Defendants" and alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff Latrell Lowe brings this action seeking a declaratory judgment, compensatory and punitive damages, costs, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 as redress for the deprivation of his rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, arising from defendants' unlawful seizure and destruction of a motor vehicle belonging to the plaintiff, without regard for his well-settled constitutional rights to be free from unreasonable seizures, and without affording him due process before seizing and permanently depriving him of his motor vehicle.

2. As described herein below, the New York City Department of Sanitation (DSNY) operates a "*derelict vehicle removal*" program, under which it directs tow vendors (including defendant NYC Auto), who are under contract with the City, to seize and destroy motor vehicles they *unilaterally* deem to constitute "*derelict vehicles*."

3. The DSNY and NYC Auto deem "derelict vehicles" to be any vehicle found parked on a public street "without license plates," which are purported to have a monetary value of less than $1,250.

4. On January 6, 2025, the plaintiff was the titled (and registered) owner of a 2015 Infiniti, which was registered in North Carolina, and which was lawfully parked on Clarendon Road in Brooklyn, NY.

5. In the State of North Carolina, the State Department of Motor Vehicles only issues single license plates, which are affixed to the rear of motor vehicles registered in the State.

6. Because the North Carolina DMV only issues single license plates, motor vehicles registered in the State of North Carolina have no front license plates affixed to the front of them.

7. Because Mr. Lowe's 2015 Infiniti had no front license plate affixed to it, despite being lawfully parked, the DSNY and NYC Auto "*tagged it*" as a "derelict vehicle" on January 6, 2025, towed it the next day on January 7, 2025, and destroyed it the following day on January 8, 2025 - - along with Mr. Lowe's personal property which was still inside his vehicle.

8. In seizing and destroying his vehicle within a total period of less than 72 hours, the defendants did not afford Mr. Lowe any notice or any opportunity to be heard with respect to their seizure and destruction of his motor vehicle.

9. He was afforded no pre-seizure or post-seizure notice, or hearing, of any kind.

10. The City, acting in concert with NYC Auto, summarily deprived Mr. Lowe of his rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures, and his right secured by the Fifth and Fourteenth Amendments to the United States Constitution, to be free from State deprivations of property without due process of law.

11. The City has adopted and been carrying out a policy, practice, and procedure of making warrantless seizures of motor vehicles, and then destroying them, with absolutely zero notice being provided to the titled and/or registered owners of such vehicles, before their vehicles are destroyed.

12. As a direct result of this City-sanctioned procedure, owners are suddenly and inexplicably deprived of the use of their vehicles, and are then deprived of their vehicles permanently, and they are left with no knowledge of the vehicle's whereabouts, or the basis for its seizure, only first learning of the same after their vehicles have already been destroyed.

13. Once a vehicle is seized, neither the City nor its towing vendor promptly notifies the owner that the vehicle has been seized, let alone that it will be destroyed.

14. Only after reporting their vehicles as having been stolen, do owners typically learn that the City of New York Department of Sanitation has directed their vehicle to be seized, and it is often too late, as the City and its vendor have already destroyed the Vehicle.

15. As a consequence of these coordinated actions, vehicle owners are deprived of their vehicles permanently, without notice, without the opportunity to contest the seizure and destruction of their vehicles, and without any meaningful process for reclaiming them before they are destroyed. The City's failure to supervise, regulate, or correct these unlawful practices results in the systematic deprivation of property without due process of law, in violation of the Fourteenth Amendment, 42 U.S.C. § 1983, and applicable state and municipal law.

16. The City has no procedure for affording a hearing to persons who are deprived of their vehicles that the Department of Sanitation seizes. The City's failure to have such a procedure ensures that unreasonable seizures and denials of due process will occur every time the City seizes a vehicle and then destroys it.

## JURISDICTION AND VENUE

17. Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

18. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C.§1983.

19. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action arises under the Constitution and laws of the United States.

20. Jurisdiction is conferred on this Court by 28 U.S.C. §1367 because any state law claims arise from the same common nucleus of operative fact.

21. Venue lies in the Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

22. The Plaintiff, Latrell Lowe ("Mr. Lowe"), is an individual who resides in Brooklyn, New York. At all times described herein, Mr. Lowe was the owner of a 2015 Infiniti bearing Vehicle Identification (VIN) Number JN1BV7AR2FM410805 (hereinafter "the Vehicle").

23. Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

24. Upon information and belief, at all times described herein, the New York City Department of Sanitation ("DSNY") was, and remains, a City Agency which is wholly owned and controlled by the City.

25. Upon information and belief, NYC Auto Recycling, Inc. (hereinafter "NYC Auto"), is a domestic corporation organized and existing under the laws of the State of New York and operating as a business engaged in the towing and storage of motor vehicles, with a principal place of business located at 150-35 Liberty Avenue, Jamaica, NY.

26. Upon information and belief, Defendant Vincent Spirito is an individual residing in the State of New York, is the CEO and owner of Defendant NYC Auto, and is the person responsible for setting the policies and practices of NYC Auto.

**FACTS COMMON TO ALL COUNTS**
**NEW YORK CITY'S DERELICT VEHICLE PROGRAM**

27. The New York City Department of Sanitation ("DSNY") administers the City's Derelict Vehicle Program pursuant to the New York City Administrative Code and related rules, purportedly to remove abandoned, inoperable, or "derelict" vehicles from public streets. *See* Exhibit "A."

28. Under the program, DSNY sanitation police officers are authorized to identify vehicles they deem to be "derelict" based on subjective criteria such as visible damage, missing parts, expired registration, or the appearance that the vehicle has not been recently moved.

29. Once a DSNY sanitation officer deems a motor vehicle to be derelict, they may "tag" a vehicle by simply affixing a notice to the vehicle, and thereby authorize its removal and destruction.

30. In practice, the Derelict Vehicle Program allows DSNY to seize vehicles without providing any pre-deprivation notice, or an opportunity for the owner to be heard.

31. The notices, if posted at all, are often inconspicuous, easily removable, or affixed to vehicles while owners are absent.

**Defendants Seized and Destroyed the Plaintiff's Vehicle**

32. In accord with such policies, practices, and procedures, an employee of the Department of Sanitation "tagged" Mr. Lowe's car as a derelict vehicle on or about January 6, 2025, had it towed from the street the next day, January 7, 2025, and had it destroyed the following day, January 8, 2025.

33. The City made no effort to provide Mr. Lowe with notice of the seizure and destruction of his vehicle until more than a week after it was destroyed, when the City sent him a letter dated January 15, 2025, wherein the City advised him, for the first time, of the same. *See* Exhibit "B."

34. Before receiving that letter, Mr. Lowe had called the New York City Police Department to report his vehicle stolen on January 8, 2025, because he was entirely unaware of the seizure and destruction of his vehicle.

35. On January 8, 2025, the police department gave Mr. Lowe the phone number for the impound yard to which his vehicle had allegedly been taken, but when he called the number that had been provided to him, he was informed that his vehicle had already been destroyed.

36. At no time had the Defendants provided Mr. Lowe with any pre-seizure or post-seizure hearing or an opportunity to challenge the destruction of his vehicle.

**NYC Auto and Spirito's Involvement**

37. During the aforementioned incidents, Vincent Spirito was the individual in control of NYC Auto.

38. Vincent Spirito was the person responsible for creating and implementing NYC Auto's regular practices. Such regular practices included making warrantless seizures of motor vehicles acting under the authority of the NYC Department of Sanitation, towing them to NYC

Auto's place of business, and "recycling" (i.e., destroying) them, while failing to provide the owners of such vehicles with any notice or opportunity to object to the seizure and destruction of their vehicles.

39. NYC Auto towed and destroyed the Vehicle solely by virtue of its contract with the City. NYC Auto destroyed the Vehicle as a joint participant with the City and, therefore, acted under color of law when it seized and destroyed Mr. Lowe's vehicle.

**The City and NYC Auto Have Failed to**
**Institute a Procedure for Judicial Review**

40. Both before and after seizing the Vehicle, the City and NYC Auto did not take action to secure judicial review of the seizure and/or destruction of the Vehicle.

41. Both before and after seizing the Vehicle, the City and NYC Auto failed to pursue any judicial review within a reasonable amount of time.

42. Prior to disposing of the Vehicle, the City and NYC Auto had not provided any hearing before an impartial decision-maker, with adequate notice, whereby Mr. Lowe could protect his interests in recovering the Vehicle.

43. What notice was provided by the City and/or NYC Auto, if any, was constitutionally inadequate for due process purposes.

**EACH OF THE DEFENDANTS IS A "PERSON" WHO**
**ACTED UNDER COLOR OF STATE LAW**

**Defendants NYC Auto and Spirito**

44. Defendants NYC Auto and Spirito are also persons acting under color of state law because there is a sufficiently close nexus between the City of New York and the challenged actions of NYC Auto, so that the actions of NYC Auto may fairly be treated as those of the City of New York.

45. NYC Auto towed the Plaintiff's vehicle, and deprived the Plaintiff of his vehicle permanently, despite the fact that the owner of such vehicle did not request any such services.

46. In carrying out these activities, both NYC Auto and Spirito acted pursuant to the coercive police power of the DSNY, and were controlled by same.

47. Both NYC Auto and Spirito were willful participants in these joint activities with the DSNY; their functions were entwined with the City's seizure and vehicle retention policies, and NYC Auto and Spirito were delegated public functions by the DSNY in physically seizing, taking possession of, and disposing of the vehicle of the Plaintiff.

48. As the principal of Defendant NYC Auto, Defendant Spirito set the policies, practices, and procedures of Defendant NYC Auto, personally signed the agreement with the City to have NYC Auto carry out the unconstitutional policies, practices, and procedures jointly with New York City, and directed and/or caused NYC Auto and its employees to carry out such unconstitutional policies, practices, and procedures.

**THE CITY IS A "PERSON" LIABLE TO PLAINTIFF UNDER 42 U.S.C. § 1983 BECAUSE THE DEFENDANTS' ACTIONS WERE UNDERTAKEN PURSUANT TO POLICY AND/OR CUSTOM**

49. At all relevant times mentioned herein, Defendant the City, pursuant to New York State Law, created the policies under which the derelict vehicle program was to be applied and enforced.

50. Pursuant to 42 U.S.C. §1983, a municipality may be held liable for constitutional violations committed by its employees where the policies or customs sanctioned by the municipality were "the moving force of the constitutional violation." *Everett v. Eastchester Police Dep't*, 69 N.Y.S.3d 95, 96–97 (2018), quoting (*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 (2018)).

51. The City is clothed with the authority to make official government policies and laws on its own behalf.

52. As such, the wrongful actions of the Defendants herein with respect to the Vehicle represent the City's official governmental policy.

53. Because the actions of the Defendants as set forth above constituted the City's official policy, the City is a "person" liable for Defendants' wrongful actions within the purview of 42 U.S.C. §1983.

**COUNT I**

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Deprivation of Property Without Due Process of Law and Deprivation by Unreasonable Seizure in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution)**
**(Against All Defendants)**

54. Plaintiff realleges and incorporates herein by reference each of the foregoing allegations of the Complaint.

55. Prior to the City and NYC Auto's involvement with the Vehicle, Mr. Lowe held the duly recorded ownership interest in the Vehicle. *See* Exhibit "C."

56. At all times relevant to this action, Mr. Lowe possessed the exclusive right to the use and possession of his Vehicle.

57. The City and NYC Auto acted under color of state law to deprive Mr. Lowe of a valuable and protectable property interest, namely, use, possession, and ownership of his Vehicle, by seizing and destroying the Vehicle without providing Mr. Lowe with any form of notice or opportunity for a hearing whereby Mr. Lowe could protect his interests.

58. The City and NYC Auto's use of police power to seize Mr. Lowe's property, and their subsequent reliance on that authority and state law to deprive Mr. Lowe of his property

permanently, without pre-deprivation or post-deprivation notice and the opportunity for a hearing, violates the Due Process requirement of the Fourteenth Amendment to the United States Constitution.

59. The City and NYC Auto meaningfully interfered with Mr. Lowe's possessory and ownership interests in the Vehicle by seizing the Vehicle without securing a warrant and without invoking a valid exception to the warrant requirement.

60. The City and NYC Auto knew or should have known that it was unconstitutional to dispose of the vehicle, where notice and the opportunity for a hearing on the validity of such disposition had not been afforded to the persons with property interests in the Vehicle, *i.e.,* Mr. Lowe.

61. As a direct and proximate result of the City and NYC Auto's violation of Mr. Lowe's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and his right to Due Process under the Fourteenth Amendment to the United States Constitution, Mr. Lowe has suffered damage based upon the permanent loss of his Vehicle.

62. The City and NYC Auto's conduct in not seeking a prompt, impartial review of their detention and disposal of the Vehicle after any reasonable justification for the initial seizure ended was consistent with and part of the standard procedure and policy utilized by the City and NYC Auto.

63. The conduct of the City and NYC Auto in failing to promptly pursue judicial review of the Vehicle after the law-enforcement justification for the initial seizure ended was consistent with, and part of, the standard procedure and policy utilized by the City and NYC Auto.

64. It is the City and NYC Auto's official policy to destroy vehicles seized by the City and NYC Auto at the request of the DSNY.

65. The official decisions, attributable to NYC Auto, were vested in a designated officer of NYC Auto (Vincent Spirito), who had actual and apparent exclusive authority over the Vehicle, and those decisions to act or not to act directly caused the deprivations complained of by Mr. Lowe.

66. The practices of seizing, detaining, and disposing of vehicles are persistent, regular, and widespread. As such, they constitute custom and usage under NYC Auto's contract with the City, resulting in such practices affecting dozens of vehicles annually.

67. The City and NYC Auto do not maintain any procedural mechanism for providing hearings after seizure to parties holding interests in such seized vehicles; the denial of the opportunity for a hearing in the hundreds of tows contemplated in the City and NYC Auto contract constitutes regular and persistent activity.

68. The failure by official City and NYC Auto policymakers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention, and disposition of vehicles, as made clear by numerous controlling courts amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and liened by the City and NYC Auto.

69. But for the City and NYC Auto's deprivational policies, decisions, practices, and failures described above, Mr. Lowe would have had the right to recover, and would have recovered, the Vehicle without delay or with minimal delay by reason of measures that preserve legitimate governmental interests but are less intrusive than seizure and destruction of the vehicle.

70. The Plaintiff has been damaged by the permanent loss of his motor vehicle, and he is entitled to obtain redress pursuant to 42 U.S.C. §1983.

71. The Plaintiff is entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

72. The Plaintiff is entitled to a monetary award for reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, and a money judgment for same, against all of the Defendants, jointly and severally.

73. Given the egregious nature of the defendants' NYC Auto and Spirito conduct described herein, an award of punitive damages against said defendants is warranted and should be awarded.

## COUNT II
**New York Constitution Article I, Sec. 6**
**(Deprivation of Property Without Due Process of Law)**
**Article I, Sec. 12**
**(Deprivation by Unreasonable Seizure)**
**(Against All Defendants)**

74. Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint.

75. The Defendants' actions, as indicated, violate the corresponding protection of the New York State Constitution set forth in Article I, Sections 6 and 12 therein.

76. But for the City and NYC Auto's deprivational policies, decisions, practices, and failures described above, Mr. Lowe would have had the right to recover, and would have recovered, the Vehicle without delay or with minimal delay by reason of measures that preserve legitimate governmental interests but are less intrusive than seizure and destruction of the vehicle.

77. The Plaintiff has been damaged by the permanent loss of his motor vehicle, and he is entitled to obtain redress pursuant to 42 U.S.C. §1983.

78. The Plaintiff is entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

79. The Plaintiff is entitled to a monetary award for reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, and a money judgment for same, against all of the Defendants, jointly and severally.

80. Given the egregious nature of the defendants' NYC Auto and Spirito conduct described herein, an award of punitive damages against said defendants is warranted and should be awarded.

**COUNT III**
**Declaratory Relief**
**(Against All Defendants)**

81. Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint.

82. An actual controversy has arisen and now exists between Mr. Lowe and the Defendants, warranting declaratory relief pursuant to 28 U.S.C. § 2201.

83. Mr. Lowe seeks a declaration that Due Process violations occurring by reason of the City and NYC Auto's improper seizure and detention of the Vehicle are chargeable to the City, NYC Auto, and Vincent Spirito, jointly and severally.

84. Mr. Lowe seeks a declaration that the conduct of the City, NYC Auto, and Vincent Spirito, as described above, violates the United States and New York State Constitutions.

85. Mr. Lowe seeks a declaration that the Defendants are liable to Mr. Lowe pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Mr. Lowe.

86. The Plaintiff is entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

87. The Plaintiff is entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

**COUNT IV**

**Conversion**
**(Against Defendants NYC Auto and Spirito)**

88. Mr. Lowe realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

89. NYC Auto and Spirito exercised wrongful dominion and control over the Subject Vehicle by refusing to release it to Mr. Lowe.

90. Spirito directly controlled NYC Auto's actions in converting the Subject Vehicle.

91. Mr. Lowe has suffered damages for loss of possession, use, and enjoyment of his property, and other actual damages as a result of NYC Auto's and Spirito's conduct.

92. The actions of NYC Auto and Spirito in disposing of the Subject Vehicle required Mr. Lowe to litigate this issue with the City of New York, thereby entitling Mr. Lowe to recover his attorneys' fees as consequential damages of NYC Auto and Spirito's actions.

93. NYC Auto and Spirito's actions warrant punitive damages because such conduct persisted despite direct condemnation by state court authorities.

94. The Plaintiff is entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

95. The Plaintiff is entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff Latrell Lowe requests that this Court grant the following relief under:

### COUNT ONE
### Against All Defendants

A. a judgment in favor of the plaintiff on all causes of action asserted in COUNT ONE of the complaint; and

B. an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair market value of the plaintiff's vehicle at the time of seizure, or in such other amount proven at the time of trial, plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C. an award for reasonable attorneys' fees and costs in favor of the plaintiff pursuant to 42 U.S.C. §1988, and a monetary judgment against the defendants, jointly and severally, for the same, and

D. such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

### COUNT TWO
### Against All Defendants

A. a judgment in favor of the plaintiff on all causes of action asserted in COUNT TWO of the complaint; and

B. an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair market value of the plaintiff's vehicle at the time of seizure, or in such other amount proven at the time of trial, plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C. an award for reasonable attorneys' fees and costs in favor of the plaintiff, and a monetary judgment against the defendants, jointly and severally, for the same, and

D. such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

**COUNT THREE**
**Against All Defendants**

A. a declaratory judgment in favor of the plaintiff on all causes of action asserted in COUNT THREE of the complaint, adjudging and declaring the practices on the part of the defendants described herein as unconstitutional, and injunctive relief, enjoining the defendants from continuing such practices and procedures; and

B. an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair market value of the plaintiff's vehicle at the time of seizure, or in such other amount proven at the time of trial, plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C. an award for reasonable attorneys' fees and costs in favor of the plaintiff, and a monetary judgment against the defendants, jointly and severally, for the same, and

D. such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

**COUNT FOUR**
**Against Defendants NYC Auto and Spirito**

A. a judgment in favor of the plaintiff on all causes of action asserted in COUNT FOUR of the complaint; and

B. an award of compensatory damages, and a monetary judgment for same against defendants NYC Auto and Spirito, jointly and severally, equal to the fair market value of the plaintiff's vehicle at the time of seizure, or in such other amount proven at the time of trial, plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C. an award for reasonable attorneys' fees and costs in favor of the plaintiff pursuant to 42 U.S.C. §1988, and a monetary judgment against the defendants NYC Auto and Spirito jointly and severally, for the same, and

D. such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: Merrick, New York
April 3, 2026

CAMPANELLI & ASSOCIATES, P.C.

By: /s/ Andrew J. Campanelli
Andrew J. Campanelli
1757 Merrick Ave, Suite 204
Merrick, NY 11566
516-746-1600
ajc@campanellipc.com
*Counsel for Plaintiff*